# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2022

Lyle W. Cayce
Clerk

No. 22-50394
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SAMUEL BELTRAN-CASTILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-1063-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Samuel Beltran-Castillo appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(2). For the first time on appeal, Beltran-Castillo contends that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While Beltran-Castillo acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. In addition, Beltran-Castillo has filed an unopposed motion for summary disposition.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Beltran-Castillo is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Beltran-Castillo's motion is GRANTED, and the district court's judgment is AFFIRMED.